# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### 3:10cv602-MOC
### (3:01cr178-1)

| | |
|---|---|
| JAMES E. BYRD, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Petitioner's letter seeking a copy of a 2003 letter allegedly in the possession of trial counsel in his underlying criminal case. (Doc. 16). The Court will construe Petitioner's letter as a limited Motion for Discovery.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was one of four individuals indicted in a five-count bill of indictment filed on September 10, 2001. (Case No. 3:01cr178-1, Doc. 1). Petitioner was charged with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One).

(Id. at 1).[1] The indictment alleged that the conspiracy involved over 50 grams of cocaine base (crack). (Id.).

After a four-day jury trial, Petitioner was found guilty on November 7, 2003, of the conspiracy charged in Count One. (Id. at Doc. 140). On October 26, 2004, the Court sentenced Petitioner to 360 months' imprisonment to be followed by a five-year term of supervised release. (Id. at Doc. 154).

Petitioner filed a notice of appeal, and on September 19, 2005, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction but vacated his sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Byrd, 151 F. App'x 218, 220-21 (4th Cir. 2005).

On November 16, 2006, the Court entered an amended judgment sentencing Petitioner to 240 months' imprisonment, followed by five years of supervised release. (Case No. 3:01cr178-1, Doc. 176). Petitioner appealed, and the Fourth Circuit affirmed. United States v. Byrd, 238 F. App'x. 948 (4th Cir. 2007). Petitioner's petition for writ of certiorari in the United States Supreme Court was granted; judgment was vacated, and

---

[1] Unless otherwise indicated, the page numbers in docket citations are those assigned by CM/ECF, the Court's electronic filing system.

Petitioner's case was remanded for further consideration in light of Gall v. United States, 552 U.S. 38 (2007). Byrd v. United States, 552 U.S. 1137 (2008). The Fourth Circuit, in turn, remanded the case to the district court for resentencing. United States v. Byrd, 278 F. App'x. 277 (4th Cir. 2008).

The Court entered an amended judgment on August 21, 2008, again sentencing Petitioner to 240 months' imprisonment, followed by five years of supervised release. (Case No. 3:01cr178-1, Doc. 223). Petitioner again appealed, and the Fourth Circuit affirmed. United States v. Byrd, 361 F. App'x. 465 (4th Cir. 2010).

On November 22, 2010, Petitioner timely filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Government responded on May 24, 2011 (Doc. 10) and filed a Motion for Summary Judgment (Doc. 11). Petitioner was notified pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to respond to the Government's summary judgment motion and to provide certain documentary evidence to support his motion to vacate. (Doc. 13). Petitioner's response currently is due by July 29, 2011. (Doc. 15).

## II. DISCUSSION

Attached to the Government's response in opposition to Petitioner's

motion to vacate is an affidavit from trial counsel, addressing some of the factual allegations made in the motion to vacate. (Doc. 10-1: Aff. of Randolph M. Lee). In his affidavit, Mr. Lee refers to a letter written by another federal pretrial detainee to Petitioner on June 7, 2003, which, according to Mr. Lee, contains evidence that Petitioner was involved in the local drug trade. (Id. at ¶ 4). The letter was not filed as an attachment to Mr. Lee's affidavit or as an exhibit to the Government's Response. In his letter motion for discovery, Petitioner seeks an order requiring trial counsel to provide him a copy of the letter. (Doc. 16).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Discovery is granted only for "good cause." Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C.A. foll. § 2255. Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]" Bracy, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 286, 299-300 (1969).

In his Motion to Vacate, Petitioner alleges that Mr. Lee rendered ineffective assistance of counsel by refusing to call a particular witness,

4

Susan Williams, to testify. (Doc. 1 at 14). In his affidavit, Mr. Lee explains that part of his trial strategy was to keep evidence of Petitioner's prior drug dealing from the jury. (Doc. 10-1 at ¶ 4). He was concerned that calling Ms. Williams to testify would open the door for the Government to put on rebuttal evidence of the type that he was trying to keep out. (Id.) Mr. Lee refers to the letter at issue and its contents to demonstrate that he was aware of at least one person in federal custody who knew of, and potentially could have testified about, Petitioner's involvement in the local drug trade. (Id.) Petitioner, however, has not explained how access to the letter will help him fully develop his claim that Mr. Lee was ineffective for refusing to call Ms. Williams as a witness. See Rule 6(b), 28 U.S.C..A. foll. § 2254. Nevertheless, because the letter was cited in support of Mr. Lee's affidavit, the Court finds that it should be filed as an exhibit in this case.

### III. CONCLUSION

Based upon the foregoing, trial counsel shall be required to file a copy of the June 7, 2003 letter referenced in his affidavit. Upon receipt of the letter, the Clerk of Court shall mail a copy to Petitioner. Furthermore, the briefing schedule in this case shall be suspended pending the filing of the letter at issue.

5

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that,

1. The Clerk of Court shall docket Petitioner's letter request (Doc. 16) as a limited Motion for Discovery;

2. Petitioner's limited Motion for Discovery (Doc. 16) is **GRANTED** in part and under the following terms;

3. Within ten (10) days of the filing of this Order, Attorney Randolph M. Lee shall file in this Court a copy of the June 7, 2003 letter referenced in his affidavit (Doc. 10-1);

4. Upon its receipt, the Clerk shall mail a copy of the letter to Petitioner;

5. The briefing schedule shall be suspended; and

6. In addition to the parties, the Clerk shall send a copy of this Order to Mr. Randolph M. Lee, P.O. Box 77005, Charlotte, NC 28271.

Signed: July 19, 2011

Max O. Cogburn Jr.
United States District Judge